UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO. 00-53

HERMAN ELLIS                            SECTION "R"


**JUDGMENT DISMISSING RULES TO REVOKE SUPERVISED RELEASE**

The Court resolves the Government's Rule to Revoke defendant's supervised release as follows:

Based on the stipulated evidence presented, the Court finds that the defendant, Herman Ellis, violated certain terms of his supervised release:

1. On several dates between February 2004 and April 2004, Mr. Ellis failed to participate in group sessions for drug treatment at the Methodist Counseling Center;

2. On April 29, 2005, Mr. Ellis failed to submit a urine specimen to the United States probation office. Mr. Ellis also failed to submit a urine specimen to the Methodist Counseling Center on several dates between February and April 2004;

3. Mr. Ellis failed to resume outpatient treatment for drug abuse, as directed by the United States probation officer;

4. On May 2, 2005, Mr. Ellis submitted a urine specimen to the United States probation office that tested positive for marijuana and cocaine. On December 16, 2003 and May 18, 2005, defendant submitted urine specimens to the United States

probation office that tested positive for marijuana.  On several dates between February 2004 and April 2004, Mr. Ellis also submitted urine specimens to the Methodist Counseling Center that tested positive for marijuana.

5. Mr. Ellis failed to report to the United States probation office in January, 2006.

When a person violates a term or condition of his supervised release, 18 U.S.C. §§ 3583(e) authorizes the Court to revoke the term of supervised release and to order defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense without credit for time previously served on postrelease supervision.  In the alternative, the Court may continue the defendant on supervised release, with or without extending the term or modifying the conditions.  In determining an appropriate term of imprisonment, the court must consider, but is not bound by, the Policy Statements in Chapter 7 of the Sentencing Guidelines.  *See United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994).  According to U.S.S.G. § 7B1.4, the advisory range of imprisonment applicable to revocation is determined by plotting a defendant's Grade of Violation against his Criminal History Category at the time of his original sentence. Defendant's highest grade of violation equates to a Grade C violation under U.S.S.G. § 7B1.1 and his applicable Criminal History Category is VI.  Therefore, the applicable advisory

guideline range is:

    __8__    to   __14__   months imprisonment (max. 24 months under

18 U.S.C. § 3583(e)(3)

  __Up to 36__     months supervised release less any term of

imprisonment imposed

     The Court finds that the circumstances of this case warrant a departure from the advisory sentencing range.  The defendant has a history of mental illness.  Before Hurricane Katrina, he was in treatment for his mental illness and was complying with all of the terms of his supervised release.

     Accordingly, pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that each of the Government's two Rules to Revoke Supervised Release be DISMISSED and that the defendant, Herman Ellis, continue his previous period of supervised release, terminating on November 5, 2006.  The Court further imposes the following conditions on the remaining period of supervised release:

1. That the defendant reside in the I Care Home Program at 6572 Titian Drive, Baton Rouge, Louisiana, until the termination of his period of supervised release on November 5, 2006.

2. That the defendant submit random urine specimens to personnel of the United States probation office in the Middle District of Louisiana.

3. That the defendant resume his mental health treatment at the

Baton Rouge Mental Health Clinic.

Defendant is ordered released from the custody of the United States Marshals.

New Orleans, Louisiana this __13th__ day of September, 2006.

*Sarah Vance*
**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**